UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JEFFREY L. COLE | CIVIL ACTION NO. 10-0109 |
| VS. | SECTION P |
| LAFAYETTE PARISH SHERIFF'S OFFICE, ET AL. | JUDGE HAIK<br>MAGISTRATE JUDGE HANNA |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Jeffrey L. Cole, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 19, 2010.  When he filed this complaint plaintiff was incarcerated at the Lafayette Parish Corrections Center (LPCC), Lafayette, Louisiana and he maintained that his December 2003 arrest and subsequent incarceration were unlawful and based on unprovable false charges. He sued the Lafayette Parish Sheriff's Office and the Fifteenth Judicial District Attorneys praying for compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

When he filed his original complaint on January 19, 2010, plaintiff was incarcerated at the LPCC. His Statement of Claim is virtually indecipherable:

> I was arrested in December 03 on [false] charges unproveable. Because of my other claims I wasn't able to [accept] the unjust measures took causing friction bail out [again] unjust arrest bond pulled another year almost. No conviction released. I believe they waged war [against] me to get me to repent for something I didn't

>commit. Only out of love was I justified yet lost wages, family time, and it goes on the things I suffered. I was placed in the cell with [serial] killers after that Jeff Gulliory in years past they were known for that I believe in hopes to get me killed. On record. Rodney Toliver. [Doc. 1, ¶IV]

His prayer for relief was also incomprehensible: "I believe it would have to be up to the attorney general and judge. Mostly mental [accommodate] my [financial] losses and justice." [*Id.*, ¶V]

>In a supporting pleading he alleged

>I started back in 2003. I filed ARP's and writ [habeas corpus] in state court. Then [continued] in 04. I had an enemy who was in the court house. Now I [believe] as a result of that a chain reaction of things began to take place. For 1, my mental spiritual delusions 2, [hallucinations] of Jesus, [Mary] aliens dragons fruit trees [etc] began to take place. I actually [believed] I had something to do with biblical evidence of the wrath of God. Which caused me a number of people to misunderstand me.

>Now I [believe] its Gods will for me to reenter this complaint into Federal Court. So as to get direction [guidance] and [compromise.] I receive Social Security disability. I've been in [and] out of mental hearings. [Believing] I was part of the God head crowed King in a free world. [Disillusions]. [Doc. 1, p. 5]

He also alleged

>In order for the Court not to rule as frivolous they would have to research the State v. Jeff claims. As the [pursuit] of one mans gloom. Guyo who was a city [captain] and [prominent lawyer] of this [community]. Who had a personal [interest] and I would imagine still has. Only to [find] he visited me prior to #3 [attempts] [against] my person one of which was 3 to one and a near death or death experience in cell one in 3d at LPCC.

>Carlos was a Federal inmate who recently received a lot of time who attempted to kill 3 other inmates using tools. To deny me justice has been a serious upset for this country. It ranged from one string of events to another. [*Id.*, p. 6]

In a letter received on January 20, 2010 plaintiff claimed that he was bonding out of jail on February 4, 2010 and that once he did so, he would pay the court costs; he asked that funds not be

2

deducted from his prison account to pay the court costs for this suit. [Doc. 3] In another letter received on January 26, 2010 he asked the Clerk to disregard the previous letter. [Doc. 4]

On February 11, 2010 another letter/pleading was filed. He alleged that he had been charged with misdemeanor charges and the Sheriff added an extortion charge and no bond was set on the new charge. He then accused jail officials of stealing money from his LPCC prison account. He provided copies of LPCC requests and grievances either complaining about the alleged thefts or requesting trusty status. [Doc. 6]

On February 18, 2010 another pleading was received and filed. He complained about an arrest and prosecution sometime in 2003 in Houma, Louisiana, and alleged that in either Houma or Lafayette he was convicted of Second Offense Driving While Intoxicated. [Doc. 7]

Finally, in a document received on March 4, 2010 which contained two captions – "Jeffrey Cole vs. State of La., et al.", and, "Jeffrey Cole vs. Catholic Impire [sic] of America's" – he alleged that before his December 2007 arrest, he met with "Cathline Blanko and Ramon Aroyo of EWTN End of World News." He claimed that these individuals threatened his children, his freedom and his life to scare him into "not preaching the word." He told them that he had seen Jesus Christ and, as foretold by Jesus, he was arrested and he was blamed for all of the world's mistakes. He also related that in 2003 he was told, "... if you lay down your life 3/4 of the world would be saved." He then concluded by alleging "... if I get convicted on my next case for doing the will of God as the Church, then you may as well throw away the Constitution..." [Doc. 10]

## LAW AND ANALYSIS

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or

3

employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown)*

*Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

As is shown hereinafter, plaintiff's complaint is subject to dismissal on any number of grounds. Therefore, it appears unlikely that any amendment would cure this inherently frivolous lawsuit.

## *2. Fanciful, fantastic or delusional allegations*

Plaintiff's allegations border on the delusional. He complained that he was placed in a cell in 2003 with serial killers. He admitted to having hallucinations of Jesus, Mary, aliens, dragons, and fruit trees. He claimed to believe that God willed him to reenter this complaint into Federal Court. He claimed that former Governor Blanco and a reporter for EWTN – a Roman Catholic television station – threatened him and his family in an effort to have him stop preaching. Plaintiff raised similar claims in a prior civil action filed in this Court on June 27, 2005. That suit was ultimately dismissed as frivolous, delusional, and prescribed. See *Jeffrey L. Cole v. Lafayette Parish Correctional Center, et al.,* Civil Action No. 6:05-cv-1138 at Docs. 4 (Report and Recommendation) and 6 (Judgment).

Dismissal is clearly warranted under these circumstances.

### 3. Limitations

It also appears that the incidents which form the basis of the original complaint occurred in 2003. The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

Nevertheless, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

If plaintiff's claims accrued in 2003, then he had one year, or until the corresponding date

in 2004 to file suit. Plaintiff's suit was filed in 2010 and thus, it appears to be barred by the applicable limitations period.

### 4. The Defendants Lafayette Parish Sheriff's Office and the Fifteenth Judicial District Attorney's Office

Plaintiff has also raised claims that have allegedly occurred within the past few months. He claims that the defendants have filed false charges against him and have taken funds from his prison account. With regard to these charges, plaintiff has sued the Lafayette Parish Sheriff's Office.

Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Sheriff's Office has the capacity to sue or be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

In Louisiana, the parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988) In other words, the State of Louisiana has not granted juridical status to the Lafayette Parish Sheriff's Office and plaintiff's suit against this non-juridical entity is frivolous.

### 5. District Attorney

It is unclear whether the plaintiff seeks to visit liability upon the District Attorney's Office, or the individual assistant district attorneys charged with prosecuting him. It is also unclear whether these defendants were alleged to be involved in the 2003 incidents or the more recent incidents involving the filing of additional charges.

An entity of local government, such as the District Attorney's Office may be liable under §1983 for the constitutional acts of its agents if an official policy of the entity itself caused the deprivation of plaintiff's rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477-78, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The "official policy" requirement serves to distinguish acts of the entity from acts of its employees. *Id.* 479-80. Only the acts of the entity itself are actionable.

Three methods of establishing "official policy" have developed since *Monell*: (1) where the appropriate officer promulgates a generally applicable statement of policy and the act complained of is simply an implementation of that policy; (2) where no rule has been announced as "policy" but the act of the policymaker itself violated federal law, such that policy and implementation are one; and (3) where the official policymaker has failed to act at all when the need is so obvious and the failure to act so likely to result in violation that the failure to act rises to a deliberate indifference tantamount to intent. *Board of County Com'rs v. Brown*, 520 U.S. 397, 418-19, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Plaintiff's complaint alleges no fault or any unlawful policy on the part of the District Attorney's Office and therefore any claims against that defendant are subject to dismissal as frivolous.

On the other hand, any suit against the prosecutors who have been charged with prosecuting plaintiff's criminal charges – whether past or present – would be subject to dismissal pursuant to the doctrine of prosecutorial immunity. Prosecutors enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir.1993). As the Supreme court reaffirmed: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the

course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ...." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).

Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318 n. 9; see also *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir.1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (*en banc*) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.") Plaintiff has alleged no fault on the part of these defendants; nevertheless, any claim for damages against individual prosecutors would be subject to dismissal.

### 6. *Parratt/Hudson Considerations*

Finally, plaintiff also suggests that money has been misappropriated from his prison account by a person or persons unknown. He implies that the defendants (whoever they may be) deprived him of property without due process in violation of the Fourteenth Amendment to the Constitution.

Prisoners' property and due process rights are circumscribed by virtue of their custodial status. Thus, a state actor's random and unauthorized deprivation of a prisoner's property, whether negligent or intentional, does not result in a due process violation so long as the State provides an adequate post-deprivation remedy. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir.1995) (citing

*Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(No due process violation occurs when a state employee negligently deprives a prisoner of property, provided that the State makes available a meaningful post-deprivation remedy), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); accord *Wilson v. Holt*, 158 Fed. Appx. 546, 2005 WL 3420898, at *1 (5th Cir.2005).

Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. Compare *Hutchinson v. Prudhomme*, 79 Fed. Appx. 54, 2003 WL 22426661, at *1 (5th Cir.2003); *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir.1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir.1984).

Therefore, the deprivation of funds as alleged by the plaintiff, whether negligent or intentional is not actionable in this civil rights complaint because Louisiana law provides plaintiff with his remedy. See, e.g., *Hutchinson*, 2003 WL 22426661, at *1 (affirming dismissal of prisoner's claim "that prison personnel mishandled and embezzled funds deposited in his inmate account" because Louisiana law provides an adequate post-deprivation remedy). Plaintiff may not prevail in this instance even if could establish that the property deprivation violated some prison regulation or policy. See *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir.1996)(no due process violation when prison officials debited inmate's prison account to pay for medical services provided in prison, even when the action violated the prison's own policies, procedures or regulations); *Murphy v. Collins*, 26 F.3d 541 (5th Cir.1994) (inmate's §1983 claim that his dictionary (later destroyed as contraband), cup and bowl were confiscated without regard to prison policy was properly dismissed when adequate state post-deprivation remedies were available); *Stewart v. Herrington*, No. 5:06cv177-MTP, 2008 WL

3822597, at *3-4 (S.D.Miss. Aug.12, 2008) (inmate's allegation that prison nurse charged him twice, although he saw the doctor only once, resulting in an overcharge, was dismissed because state law provided adequate post-deprivation remedy).

Simply stated, no cause of action lies under Section 1983 since Louisiana law provides an adequate post-deprivation remedy. Because plaintiff cannot establish a violation of the Constitution or laws of the United States, his complaint is legally frivolous and must be dismissed.

### *Conclusion and Recommendation*

Accordingly**,**

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** as frivolous and for failing to state a claim for which relief may be granted and for naming defendants immune from suit, all in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United*

*Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

    In Chambers at Lafayette, Louisiana, June 2, 2010.

_____

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)